Nov. Term,
1856.

CONWELL
v.
SMITH.

The judgment is affirmed with 3 per cent. damages and costs.

*J. Perry*, for the appellant.

*D. T. Smith*, for the appellee.

(1) *Ante*, 501.

---

## CONWELL *v.* SMITH.

A demurrer to an answer will not be sustained on the ground that the answer contained a denial of the plaintiff's allegations, and affirmative matter in avoidance.

*A.* hired an ass to *B.* for a standing season. *B.* stipulated that he would be accountable for any accident that might befall the animal, and agreed to return him safe and sound at the close of the season, or to pay 1,000 dollars if damage should be done to him. Injuries from sickness, lightning, and accident were, in another part of the contract, excepted. Breach, that soon after the commencement of the season, the defendant returned ˜the ass to the plaintiff diseased; and that of the disease, contracted while in the defendant's possession, and caused by the defendant's carelessness, the ass died. The evidence showed that soon after the hiring, the ass was poisoned, and his spermatic cord pierced with a sharp instrument, whereby he became impotent. But there was no evidence of negligence or misconduct on the part of the defendant. *Held*, that, by a fair construction of the contract, the defendant was not liable for the injuries.

In ordinary cases of bailment, uncontrolled by special stipulations, and in the absence of negligence or misconduct by the bailee, an injury to the property bailed falls on the bailor.

By the contract in this case, the plaintiff was to receive five dollars for each colt begotten by the ass bailed, or to pay the defendant 20 dollars per month for his services, at his election. The season was to continue until *July*, but the ass was returned, at the request of the plaintiff, in *May*.

*Held*, that the bailment was terminated by the mutual consent of the parties.

*Held*, also, that the plaintiff having failed to elect according to the terms of the contract, the defendant might do so, and his counter-claim for services would lie.

APPEAL from the *Shelby* Circuit Court.

Gookins, J.—*Conwell* brought an action against *Smith* upon an agreement in writing substantially as follows: *Conwell* being the owner of a jack, farmed him to *Smith* for a standing season, for certain hire specified in the contract. *Smith* stipulated that he would be accountable for any accident that should happen to the animal, and agreed to return him at the close of the season safe and sound, or to pay 1,000 dollars if damage should be done to him. Injuries from sickness, lightning, and accident, were excepted. The breaches alleged are, that soon after the season commenced, the defendant returned the animal to the plaintiff in a diseased and unsound condition, of which sickness, contracted while in the defendant's possession, and caused by his negligence and carelessness, he afterwards died.

An answer in several paragraphs was filed. The first paragraph is a general denial. The second, admits some allegations of the complaint, and denies others, and alleges that the plaintiff falsely represented the animal to be sound, knowing him to be unsound and diseased, by which he was put to great trouble and expense; and alleges further that the plaintiff is indebted to him in a large sum, to-wit, &c., for attending to, feeding, and keeping the jack. The other paragraphs of the answer do not materially vary the case, and need not be stated in full. The third, sets out a counterpart of the contract held by the defendant. It varies somewhat in the language, but is of the same legal import as that held by the plaintiff. Neither having been denied under oath by the opposite party, both stood admitted for the purposes of the action, and are to be construed together.

Some of the paragraphs of the answer are demurred to, on the ground that they contained denials of the plaintiff's allegations, and affirmative matter in avoidance. That is not a ground of demurrer. 2 R. S. pp. 38, 42, ss. 50, 64. The demurrers were properly overruled.

Nov. Term, 1856.

CONWELL
v.
SMITH.

Tuesday, January 27, 1857.

There was a trial by jury; verdict for the defendant for 25 dollars; new trial refused, and judgment.

The record contains the evidence, from which it appears that soon after the jack was placed in charge of the defendant, he was found to be diseased of some malady which rendered him impotent and worthless. The defendant kept him but a short time, and returned him to the plaintiff, and in *January* following, he died. Various opinions were expressed by the witnesses as to the cause of the disorder, preponderating to show that the animal had been poisoned; and also that the spermatic cord had been punctured with a sharp instrument, resulting in sterility; but there was no evidence whatever to show that the defendant had had any connection with the injuries inflicted upon the animal. The question is, were these injuries against which the defendant warranted? The contract is unskillfully drawn, and is somewhat contradictory in its terms. In one part, *Smith* stipulates that he will be accountable for any accident that may happen to the animal, and that he will return him sound, or pay 1,000 dollars; but in another part, accidents, sickness, and injuries from lightning, are excepted. Arriving at the intention of the parties as best we may, we think a fair construction of this contract does not render the defendant liable for the injuries proved, in the absence of any evidence that they were caused by negligence or misconduct on his part. In ordinary cases of bailment, uncontrolled by special stipulations, and in the absence of negligence or misconduct by the bailee, an injury to property bailed falls on the bailor. *Millon* v. *Salisbury*, 13 Johns. 211. But as we understand the contract, *Smith* is protected from liability in this instance, by its stipulations, and the plaintiff's claim for 1,000 dollars cannot be supported. As to that, the verdict was right.

We are next to inquire whether the defendant was entitled to his verdict of 25 dollars for his services.

By the terms of the contract, the plaintiff was to re-

ceive five dollars for each colt gotten by the jack, or was to pay the defendant 20 dollars per month for his services, at his election. The season was to continue until *July;* but the animal was returned to the plaintiff, at his own request, in *May.* The bailment must be considered as having been determined by the mutual consent of the parties. The plaintiff is not shown to have made any election. Having failed to do so, that right necessarily devolved upon the defendant—otherwise he would have been without remedy. *Peck* v. *Hubbard,* 11 Verm. R. 612. He did so by his answer, in which he claimed compensation for his services. This case is to be distinguished from those in which parties engage in an adventure, looking to the profits alone for compensation. The plaintiff might, perhaps, have given it that character, had he elected to receive five dollars for each colt; but having failed to do so, it is governed by the other alternative of the contract, which at the defendant's election, and in accordance with the case of *Coe* v. *Smith,* 4 Ind. R. 79, and others there cited, entitled him to compensation for the proportion of time for which his services were rendered.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Hubbard* and *M. M. Ray,* for the appellant.

*J. Gavin* and *J. R. Coverdill,* for the appellee.